IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VICTOR QUIÑONES-RUÍZ,

    Plaintiff,

    v.

MIGUEL A. PEREIRA-CASTILLO, et als.,

    Defendants.

Civil No. 08-1124 (GAG/BJM)

## OPINION AND ORDER

Plaintiff Víctor Quiñones-Ruíz, an inmate at the Las Cucharas Correctional Facility in Puerto Rico, filed a pro se complaint against three officials of the Puerto Rico Administration of Corrections pursuant to 42 U.S.C. §1983. (Docket No. 2). Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 15), and plaintiff has not opposed. This case was referred to me by the presiding district judge (Docket No. 12) pursuant to the consent of the parties. 28 U.S.C. §636; Roell v. Withrow, 538 U.S. 580 (2003).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). However, a court should "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." Miss. Public Employees' Retirement System v. Boston Scientific Corp., 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations in order to withstand dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555 (internal citation omitted).

Plaintiff brings this action to federal court under 42 U.S.C. § 1983 ("Section 1983"). Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance,

**Víctor Quiñones-Ruíz v. Miguel Pereira-Castillo, et als.**                                          Page 2
Civil No. 08-1124 (GAG/BJM)
**OPINION & ORDER**

regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any

citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by

the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or

other proper proceeding for redress...." 42 U.S.C. §1983.

To prevail in a Section 1983 cause of action, a plaintiff must prove that the act in question

occurred "under color of state law" and deprived him of rights secured to him either by the United

States Constitution or by federal law.  Redondo-Borges v. United States HUD, 421 F.3d 1, 7 (1st Cir.

2005).   For purposes of Section 1983, Puerto Rico is deemed equivalent to a state.  Deniz v.

Municipality of Guaynabo, 285 F.3d 142, 146 (1st Cir. 2002).  Importantly, Section 1983 does not

create substantive rights, but rather provides a procedural mechanism for enforcing federal

constitutional or statutory rights.  Albright v. Oliver, 510 U.S. 266, 271 (1994).  Therefore, a Section

1983 plaintiff must identify the particular federal right that he seeks to enforce via judicial

proceedings.  Moreover, a defendant may be liable under Section 1983 only if he was personally

involved in the deprivation of plaintiff's rights or if his conduct amounted to the condonation or tacit

authorization of another's deprivation of plaintiff's rights.  Rodríguez-García v. Municipality of

Caguas, 495 F.3d 1, 10 (1st Cir. 2007).

Plaintiff, an inmate at the Las Cucharas maximum security facility,[1] filed his pro se complaint

(Docket No. 2), along with a motion to proceed in forma *pauperis* (Docket No. 1), on January 28,

2008. The complaint alleges that since March of 2006 the plaintiff, when taken to different areas of

the institution, such as the areas for medical treatment, education, visits, and recreation with other

inmates, has been required to squat over a mirror set on the floor in order to have his anus examined.

Plaintiff alleges that this practice was conducted in a hostile and denigrating manner, and that it

humiliated and frustrated him. (Docket No. 2, p. 5).  The complaint names as defendants Miguel

---

[1] I note that the complaint is stamped with a seal that indicates that plaintiff is held at a maximum
security institution. (Docket No. 2, p. 6).

**Víctor Quiñones-Ruíz v. Miguel Pereira-Castillo, et als.**                                    Page 3
Civil No. 08-1124 (GAG/BJM)
**OPINION & ORDER**

Pereira (Administrator of the Administration of Corrections), William Torres (Superintendent), and Lt. William Class Quirós, but makes no allegations regarding their personal involvement, if any, in any alleged constitutional violation.  The complaint seeks both injunctive and monetary relief. (Docket No. 2, p. 6).

These allegations fail to state a cause of action under Section 1983.  The complaint makes no attempt to identify the specific constitutional or statutory provision that plaintiff claims was violated.  Nevertheless, courts generally have evaluated similar Section 1983 claims opposing the use of visual body cavity searches of prisoners under the Fourth Amendment right to be free from unreasonable searches and seizures and the Eighth Amendment prohibition of cruel and unusal punishment.  Although prison inmates retain some measure of Fourth Amendment rights, the court must evaluate whether the prison search policy is "reasonable" under the circumstances, considering "'the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted.'" Arruda v. Fair, 710 F.2d 886, 886-87 (1st Cir. 1983), quoting Bell v. Wolfish, 441 U.S. 520, 559 (1979).  In Arruda, the First Circuit, citing Bell, found that conducting strip searches of inmates traveling from segregated housing units to the law library, infirmary, and visiting rooms was a reasonable means to check for contraband in the prison and did not violate the Fourth Amendment. 710 F.2d at 888.  The First Circuit further found that the practice did not offend the standards of the Eighth Amendment ("cruel and unusual punishment") which "are no more lenient." Id.

The complaint, even when read liberally, does not provide any details which could lead the court to conclude that the visual body cavity searches imposed on the plaintiff are any more intrusive or demeaning than those found to be reasonable by the Supreme Court in Bell and by the First Circuit in Arruda. Nor does plaintiff claim to be an inmate being held for a minor offense or one that does not involve drugs, weapons, or other form of contraband.  See e.g. Roberts v. Rhode Island, 239 F.3d 107 (1st Cir. 2001) (holding unconstitutional blanket policy of conducting visual body cavity searches on inmates held for minor offenses that do not involve drugs or violence).  I therefore find

**Víctor Quiñones-Ruíz v. Miguel Pereira-Castillo, et als.**                                    Page 4
Civil No. 08-1124 (GAG/BJM)
**OPINION & ORDER**

that the present case is controlled by Bell and Arruda, and that the plaintiff has failed to state a

violation of either the Fourth or Eighth Amendments. See also Sánchez-Rodríguez v. Departamento

de Corrección y Rehabilitación, 537 F.Supp. 295 (D.P.R. 2008) (requirement of visual body cavity

searches of inmates in order to leave cell for recreation does not violate Eighth Amendment).

Accordingly, the government's motion to dismiss is **GRANTED** and the complaint is dismissed.

Judgement to be entered.[2]

      **IT IS SO ORDERED.**

      In San Juan, Puerto Rico, on this 23rd day of February, 2009.


                        *S/Bruce J. McGiverin*
                        BRUCE J. MCGIVERIN
                        United States Magistrate Judge

---

[2] Because I find the complaint fails to allege a Section 1983 cause of action, I need not address defendants' remaining arguments.